**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FILED

MAY 4 - 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) Criminal Action No. 03-348 (RWR) |
| | ) |
| JACK DAVIS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

Defendant Jack Davis filed a motion under Federal Rule of Criminal Procedure 33 for a new trial claiming that a newly conceived argument for impeaching an FBI agent's trial testimony is newly discovered evidence, and that an alleged comment by a juror months after the trial about misunderstanding the court's instructions entitles Davis to an evidentiary hearing. The government opposes Davis' motion. Because Davis has not shown that the agent's testimony is newly discovered, that he is entitled to a hearing, or that his new argument would probably result in an acquittal if a new trial were granted, Davis' motion for a new trial will be denied.

### BACKGROUND

The background of this case is fully discussed in United States v. Davis, 402 F. Supp. 2d 252, 255-58 (D.D.C. 2005), aff'd, 235 F. App'x 747 (D.C. Cir. 2007). Briefly, F.B.I. agents Kyle Fulmer and Robert Lockhart conducted a traffic stop of a vehicle Davis was driving. They found in it marijuana, PCP, and

- 2 -

a weapon that Davis sought to suppress.  At the suppression
hearing, the court credited Fulmer's testimony that the agents
stopped Davis' vehicle because Davis failed to come to a complete
stop at a stop sign.  The motion to suppress was denied and the
recovered items were admitted into evidence at trial.  Id. at
256.  At trial, when questioned about the same traffic stop,
Fulmer first stated that Davis stopped his vehicle at the stop
sign before making a U-turn.  When Davis' trial counsel
confronted Fulmer about the inconsistency between his suppression
hearing and trial testimony, Fulmer explained that "he called a
rolling stop a stop, even though it is not a full stop.  Fulmer
maintained that because [Davis] came to only a rolling stop and
not a full stop, [Davis] had committed a traffic violation."  Id.
The jury convicted Davis of a narcotics conspiracy involving five
kilograms or more of cocaine, 1.5 kilograms or more of crack
cocaine, and .5 grams or more of pure PCP; possession of
marijuana; possession with intent to distribute PCP; possession
of a firearm during a drug trafficking offense; and unlawful
distribution of cocaine.

   Davis has moved for a new trial based on newly discovered
evidence under Rule 33(b)(1).  He advances a new argument about
Fulmer's traffic stop testimony that he says his lawyer should
have made before trial to show that Davis had come to a complete
stop, that the traffic stop was thus illegal, and that the

- 3 -

evidence recovered at the traffic stop therefore should have been
suppressed.[1]   (Def.'s Mot. at 2-4.)   Davis also seeks an
evidentiary hearing, asserting that months after the verdict, his
father encountered a juror who "expressed confusion about the
conspiracy . . . and the Court's instructions regarding the
definition of a conspiracy."   (Id. at 4-5.)

## DISCUSSION

Under Rule 33, the "court may vacate any judgment and grant
a new trial if the interest of justice so requires."   Fed. R.
Crim. P. 33(a).   In order for a defendant to obtain a new trial
based on newly discovered evidence,

> (1) the evidence must have been discovered since the
> trial; (2) the party seeking the new trial must show
> diligence in the attempt to procure the newly
> discovered evidence; (3) the evidence relied on must
> not be merely cumulative or impeaching; (4) it must be
> material to the issues involved; and (5) [it must be]
> of such nature that in a new trial it would probably
> produce an acquittal.

United States v. Johnson, 519 F.3d 478, 487 (D.C. Cir. 2008)
(quoting United States v. Lafayette, 983 F.2d 1102, 1105 (D.C.
Cir. 1993)) (brackets in original).

In order to be considered newly discovered, the evidence
must have been in existence at the time of trial, Lafayette, 983

---

[1] He posits that given the distance Fulmer said he was
traveling behind Davis, and assuming a certain rate of speed by
Fulmer, it would have taken four seconds for Fulmer to reach
Davis at the stop sign, and that Davis therefore must have come
to a full and complete stop at the stop sign for four seconds.

- 4 -

F.2d at 1105, and "discovered since the trial." United States v.

Ortiz, 136 F.3d 161, 168 (D.C. Cir. 1998). See also United

States v. Dale, 991 F.2d 819, 839 (D.C. Cir. 1993) (emphasizing

that because the evidence must have been discovered since trial,

the "post-trial testimony of a co-conspirator who refused to

testify at trial" would not be considered newly discovered);

United States v. Howard, 267 F. Supp. 2d 1, 4 (D.D.C. 2003)

(finding that information revealed to the defendant several years

earlier "cannot be characterized as 'newly discovered'").  The

decision about whether to hold an evidentiary hearing on a

Rule 33 motion rests within the sound discretion of the district

court.  See United States v. Blackwood, Nos. 88-3113 et al., 1990

WL 78160, at *6 (D.C. Cir. June 11, 1990) (finding "that the

district court did not abuse its discretion in declining to hold

a hearing prior to denying the new trial motion" because the

evidence was not likely to produce an acquittal at trial).  A

district court "may decide a motion for [a] new trial on the

basis of affidavits without an evidentiary hearing." United

States v. Sensi, 879 F.2d 888, 900 n.12 (D.C. Cir. 1989).

     Davis argues that his new assessment of Fulmer's testimony

constitutes newly discovered evidence and that his counsel

"failed to properly identify and direct the Court's attention to

Agent Fulmer's contradictory testimony."  (Def.'s Mot. at 4.)

However, "where a defendant *knows* the facts supporting his

ineffective assistance of counsel claim at the time of trial,
those facts are not 'newly discovered' for the purposes of Rule
33." <u>United States v. Torres</u>, 115 F.3d 1033, 1037 (D.C. Cir.
1997) (affirming the district court's decision denying a new
trial motion because the defendant conceded that "he knew the
factual basis of his ineffective assistance claim -- the alleged
language barrier between him and his lawyer -- at the time of his
1991 trial") (emphasis in original).  Davis knew at trial of the
factual basis for his ineffectiveness argument.  He was present
at trial, heard Fulmer's examination, and concedes that his trial
counsel considered and cross-examined Fulmer on this specific
testimony.  (Def.'s Reply at 3 (stating that Davis' trial counsel
was "'surprised' by the change in Agent Fulmer's testimony" and
that "[r]ather than letting Agent Fulmer's testimony lie and
requesting that this Court reconsider its suppression ruling,
Mr. Davis' trial counsel chose to repeatedly question
Agent Fulmer until Agent Fulmer, an experienced government trial
witness, finally recanted his testimony"); Def.'s Mot. at 3
(stating that Davis' trial counsel sought to "presumably impeach
the agent" by asking if Fulmer "recalled his testimony at the
suppression hearing").)  Neither Davis' new assessment of the
conflicting testimony he heard, nor his disagreement with trial
counsel's strategy, nor speculation about how the traffic stop
occurred based on testimony readily available at trial

constitutes newly discovered evidence.  See <u>United States v.
Gloster</u>, 185 F.3d 910, 915 (D.C. Cir. 1999) (noting that
defendant had a "full opportunity to question [the witness]
before trial and to include whatever information he wanted in the
written statement admitted into evidence" and that the omitted
details were not newly discovered because "they [were] simply
newly proffered, having been intentionally withheld as a result
of the defense's tactical calculations").

Moreover, Davis is not entitled to a new trial on the basis
of his new assessment of Fulmer's inconsistent testimony because
the assessment is merely cumulative impeachment and he has not
shown that "'a new trial would *probably* produce an acquittal'" on
any counts.  <u>United States v. Williams</u>, 233 F.3d 592, 593 (D.C.
Cir. 2000) (emphasis in original) (quoting <u>Thompson v. United
States</u>, 188 F.2d 652, 653 (D.C. Cir. 1951)).  Davis speculates
that it is "probable that the Court would have reversed its
previous suppression ruling" and he would have been acquitted of
the conspiracy and possession counts had trial counsel advanced
Davis' newly minted argument.  (Def.'s Reply at 3.)  However, in
denying Davis' motion for judgment of acquittal, the court has
already found Fulmer's inconsistency to be only a minor one that
did not warrant any reconsideration of the motion to suppress,
<u>Davis</u>, 402 F. Supp. 2d at 260-61, and that there was sufficient
evidence to sustain his challenged convictions.  <u>Id.</u> at 258-61.

- 7 -

The D.C. Circuit affirmed this ruling on appeal, and noted that "given the district court's opportunity to evaluate witness credibility in the first instance, we would find no error in the court's crediting the agents' testimony that the appellant failed to come to a complete stop and nearly hit their car." Davis, 235 F. App'x at 748-49.

Davis also asserts that a claim that a juror expressed months after the trial confusion about the court's conspiracy instructions entitles him to an evidentiary hearing and a new trial. What is most telling is what Davis does not present in supporting his request for a hearing. The allegation that the father had contact with the juror is unsworn. No affidavit from the father, much less the juror, is presented. No reason for the absence of an affidavit is offered. The account reportedly comes from Davis' father, not an unrelated person. The account is wholly uncorroborated. The juror is wholly unidentified, and Davis does not even appear to know the juror's gender. (Def.'s Reply at 4 (the juror "expressed his or her confusion"), 5 ("he or she did not understand").) No support is presented for how the father purported to authenticate months after the trial that the person really was a juror in this trial. No claim is made or supported that Davis' father even attended the trial or otherwise saw the jurors while the trial was underway. No specifics are given about how many months later the encounter occurred to show

- 8 -

whether little or great passage of time may have affected the sharpness of memory.  These circumstances weigh solidly against granting Davis' request for a hearing.

An evidentiary hearing and a new trial are also not warranted because questioning jurors about their understanding of the jury instructions would be improper.  Under Federal Rule of Evidence 606(b), "[u]pon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith."  Fed. R. Evid. 606(b).[2]  See also United States v. Stover, 329 F.3d 859, 865 (D.C. Cir. 2003) (stating that Rule 606(b) "prohibits jurors from giving evidence about any matter pertaining to their verdicts except extrajudicial influences").  "Allegations of inside influences on the jury[,] such as pressure among jurors, misunderstanding of instructions, a compromise verdict, or a

---

[2] A limited exception under Rule 606(b) allows juror testimony as to "1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form."  Fed. R. Evid. 606(b).  These exceptions do not apply to Davis' argument that a juror was confused about the jury instructions.

- 9 -

self-imposed time limit[,] do not entitle a convicted defendant
to question the jurors or trigger a hearing requiring jurors to
testify about their verdict." Davis, 402 F. Supp. 2d at 265
(quoting United States v. Edelin, 283 F. Supp. 2d 8, 13 (D.D.C.
2003) (internal quotation marks omitted).  For example, in United
States v. Campbell, 684 F.2d 141, 151-52 (D.C. Cir. 1982), the
defendants sought to set aside the verdict or to remand for an
inquiry arguing that the jury verdict was not unanimous because a
juror allegedly voted contrary to her own beliefs.  Campbell
noted that "[o]rdinarily a verdict will not be upset on the basis
of a juror's post-trial report of what occurred in the course of
deliberations" unless extraneous influences exerted improper
influence on the verdict.  Id.  Because the "jury misconduct
alleged in [Campbell] concerned only the discussion among the
jurors and the way the jurors elected to make their decision[,]"
the trial court's determination that no further inquiry was
necessary was affirmed.  Id.  Moreover, in United States v. Vig,
167 F.3d 443 (8th Cir. 1999), the court rejected the defendant's
motion for a new trial finding that a juror's comment about what
the evidence showed was at worst a "misapprehension of the
evidence presented[,]" and that an "[e]xamination of the method
and manner in which a juror construes evidence presented during
trial[] would plunge this court into the very kind of

- 10 -

post-verdict anatomization of a juror's thought processes that is barred by Rule 606(b)."   <u>Id.</u> at 450.

Davis argues that the issue of confusion over the instructions "must be examined to conclude whether or not his jury properly understood court instructions and deliberated fairly and impartially[,]" particularly regarding how the jury decided what drug quantities were attributable to Davis.  (Def.'s Mot. at 5.)  However, inquiring into how the jurors interpreted the instructions or how they deliberated is the very inquiry into the jurors' mental processes during deliberations that Rule 606(b) forbids.  <u>See</u> <u>United States v. Richards</u>, 241 F.3d 335, 343 (3d Cir. 2001) (finding that denying a motion for a new trial was not an abuse of discretion because Rule 606(b) prohibited the district court from questioning the jurors on "their thought process to determine whether or not the premature statements [by two jurors about the defendant's guilt] affected their verdict").  Davis' allegation that a juror expressed confusion about the conspiracy instructions warrants neither an evidentiary hearing nor a new trial as it is wholly unsupported and Rule 606(b) bars inquiry into the jurors' mental impressions during deliberations.  <u>See</u> <u>United States v. Brooks</u>, 677 F.2d 907, 913 (D.C. Cir. 1982) (stating that because a juror's affidavit or testimony on the mental processes or thoughts that may have influenced his verdict would be inadmissible under Rule 606(b), the trial court was not

- 11 -

obligated to conduct an evidentiary hearing on the defendant's

motion under 28 U.S.C. § 2255 to vacate his sentence).

CONCLUSION

A new assessment of a discrepancy in Fulmer's testimony is

not newly discovered evidence, and Davis has not shown that it

would likely cause suppression of evidence and produce any

acquittal if a new trial were granted.  Nor has Davis shown any

entitlement to a hearing on the claim of juror confusion.

Accordingly, Davis' motion for a new trial will be denied.  An

appropriate Order accompanies this Memorandum Opinion.

SIGNED this 1st day of May, 2009.

RICHARD W. ROBERTS
United States District Judge