UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) Criminal No. 03-0348 (PLF) <br> ) |
| JACK DAVIS, | ) <br> ) |
| Defendant. | ) <br> ) |

MEMORANDUM OPINION AND ORDER

Before the Court is Jack Davis's Motion [Dkt. No. 374] for Early Termination of Supervised Release ("Mot."). The United States opposes the motion. See Government's Opposition to Defendant's Motion for Early Termination of Supervised Release ("Opp.") [Dkt. No. 377]. Upon careful consideration of the parties' filings, the relevant legal authorities, and the record in this case, the Court will deny Mr. Davis's motion.

I. BACKGROUND

In 2004, a jury found Mr. Davis guilty of "narcotics conspiracy, possession of marijuana, possession with intent to distribute phencyclidine ('PCP'), firearm possession during a drug trafficking offense, and unlawful distribution of cocaine." United States v. Davis, 402 F. Supp. 2d 252, 255 (D.D.C. 2005). Mr. Davis was subsequently sentenced to 250 months of incarceration for narcotics conspiracy, that sentence to run concurrently with terms of 6 months for possession of marijuana, 240 months for possession with intent to distribute PCP, and 240 months for unlawful distribution of cocaine. He was also sentenced to 60 months for firearm possession during a drug trafficking offense, that term to run consecutive to all other terms. See

Judgment [Dkt. No. 261] at 3.  Finally, Mr. Davis was sentenced to a five year period of supervised release upon his release from prison.  Id. at 4.

Mr. Davis returned to the community and began his term of supervision in January of 2019.  Opp. at 7; see also Mot. at 2.  On January 12, 2021, two years into his five-year term of supervised release, Mr. Davis filed the instant motion.

## II.  LEGAL STANDARD

This Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  When considering a motion for early termination of supervised release, this Court must consider the following factors set forth in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

United States v. Harris, 258 F. Supp. 3d 137, 144 (D.D.C. 2017) (citing 18 U.S.C. § 3583(e)).

## III. DISCUSSION

During his 24 months of supervision, Mr. Davis has fully complied with his supervised release conditions.  See U.S. Probation Office Petition ("Probation Petition") [Dkt. No. 375] at 2 (stating that Mr. Davis "has not incurred any violations" during his term of supervised release).  He is gainfully employed.  Id.  Indeed, Mr. Davis states that he has "started a trucking company and provides employment and direction to several young men . . . who might

otherwise follow in [his] earlier footsteps." Defendant's Reply to the Government's Opposition to his Motion for Early Termination of Supervised Release ("Reply") [Dkt. No. 378] at 2. Mr. Davis is also enrolled in a training program "to obtain his certification as a home inspector." Probation Petition at 2. Moreover, Mr. Davis has fully complied with random drug testing and has tested negative in all administered drug screenings. Id. He has also "maintained stable housing" while on supervised release. See Email from Andrew McLendon, U.S. Probation Officer [Dkt. No. 374-1]. Finally, Mr. Davis regularly counsels young people through an organization called Christian Retreats. Through that work, he speaks about "his religious beliefs" and "the ills of street life." Reply at 3.

The Court commends Mr. Davis on the progress he has made. Over the course of the last two years, Mr. Davis has shown himself to be a responsible, engaged member of his community. Nonetheless, the Court concludes that termination of Mr. Davis's term of supervised release is premature at this time. Mr. Davis was convicted of and sentenced for serious crimes, including involvement in a long-running conspiracy to distribute narcotics and using a firearm during the course of a drug trafficking offense. See United States v. Davis, 402 F. Supp. 2d at 255, 258; see also 18 U.S.C. § 3553(a)(1). The sentence imposed for these crimes "reflect[s] the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A).

This Court expresses no opinion as to whether a defendant seeking early termination of supervised release must exhibit "extraordinary or unusual conduct during supervision." See United States v. Harris, 258 F. Supp. 3d at 150; id. at 148-49 (collecting cases supporting the application of this heightened standard). It does, however, conclude that Mr. Davis has not yet spent sufficient time under supervision to assure this Court that his life is

3

permanently on a different path.  See 18 U.S.C. § 3583(e)(1) (stating that the Court must consider whether early termination is "warranted by the conduct of the defendant released").

Moreover, the terms of Mr. Davis's supervision are not onerous.  In effect, his supervised release involves monthly supervision reports, random drug testing, and requirements that he not associate with persons engaged in criminal activity, not frequent places where controlled substances are used or distributed, and not commit any additional crimes.  See Opp. at 8; Probation Petition at 1; Judgment at 4.  These conditions, particularly those concerning illicit substances, are necessary to deter Mr. Davis's further involvement in the types of crimes for which he was convicted.  See 18 U.S.C. § 3553(a)(2)(B).  Moreover, Mr. Davis has been permitted to travel both domestically and internationally, and he has successfully obtained and maintained employment, housing, and job training during his period of supervision.  Opp. at 8; Reply at 3; Probation Petition at 2.  This Court concludes that termination of Mr. Davis's supervised release is not yet in the interest of justice.  See 18 U.S.C. § 3583(e)(1).

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Mr. Davis's Motion [Dkt. No. 374] for Early Termination of Supervised Release is DENIED WITHOUT PREJUDICE.

SO ORDERED.

      /s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  April 27, 2021